IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY VANCE WICKMAN, | § | |
| ID # 062915, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-CV-2279-K-BW |
| | § | |
| NAVARRO COUNTY JAIL, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Jeremy Vance Wickman's Amended Petition for

Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on September 30, 2024.

(Dkt. No. 6.)  Based on the relevant filings and applicable law, the Court should

**DISMISS** the petition without prejudice for failure to exhaust state remedies.

## I.  BACKGROUND

Wickman, a state pretrial detainee incarcerated in the Navarro County Jail in

Corsicana, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge his

pretrial detention in Cause Nos. D42230-CR, D42699-CR, and D42701-CR pending

in the 13th Judicial District Court of Navarro County, Texas.  (*See id.* at 3.)  His

amended petition names the Navarro County Jail Captain as the respondent.  (*See id.*

at 1.)

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for
full case management.

Wickman's amended petition raises the following grounds:

(1)  Arraignment papers are not authentic "Order of Commitment";

(2)  "Fraudulent Indictment Papers" D-42701-CR used to intimidate
(Title 18 US Code 241[,] 242);

(3)  "Fraudulent Indictment" D-42699-CR; and

(4)  Both indictments were amended on 4/20/24 as of 9-18-24 the state
has yet to produce one sufficient piece of evidence to detain Mr.
Wickman.

(*Id.* at 5-6.)  He seeks "immediate release from confinement.  (*Id.* at 7.)

## II.  EXHAUSTION

Because § 2241 "'applies to persons in custody regardless of whether final
judgment has been rendered and regardless of the present status of the [pending
case,]'" it is the proper vehicle for seeking habeas relief from pretrial detention.
*Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. State of
Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  For a pretrial detainee to be eligible for
relief under § 2241, he "must have exhausted his available state remedies" before
seeking federal habeas relief.  *Dickerson*, 816 F.2d at 224.  This exhaustion
requirement "was judicially created on federalism grounds to protect the state courts'
opportunity to resolve initially any constitutional issues arising within their
jurisdictions as well as to limit federal interference in the state adjudicatory process."
*Curtis v. Garza Cty. Jail*, No. 5:18-CV-00205-M-BQ, 2019 WL 5698802, at *1 (N.D.
Tex. Oct. 8, 2019), *rec. adopted*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019).

Exhaustion requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). To challenge his pretrial detention, a detainee "must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis,* 2019 WL 5698802, at *2 (citing Tex. Code Crim. P. art. 11.08 (West 2008), and *Cotton v. Jefferson Cty.*, No. 1:13CV267, 2013 WL 3367299, at *2 (E.D. Tex. July 3, 2013)). After the trial court has ruled on the application, the detainee may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ)). Exhaustion may be excused "only in those 'rare cases' where [the petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-CV-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018), *rec. adopted*, 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

A federal district court may raise the lack of exhaustion *sua sponte. Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997). It may dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for

relief.  *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by a petitioner before those claims are heard in federal court.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, although Wickman indicates that he pursued to completion all state remedies relevant to his petition before filing this action, he expressly states that he "ma[de] application for writ [of] habeas corpus on 9/10/24 no response as of 9/18/24."  (Dkt. No. 6 at 2.)  He therefore, at best, has only satisfied the first step of the exhaustion requirement—"fil[ing] a pre-adjudication application for writ of habeas in the trial court[.]"  *Curtis,* 2019 WL 5698802, at *2.  There also is no record showing that his state trial court habeas application has been appealed to an intermediate state appellate court or subsequently presented to the Texas Court of Criminal Appeals for its discretionary review.  *See id.*

Because Wickman has not presented his habeas claims to the Texas Court of Criminal Appeals, the highest court of the state has not had an opportunity to review them.  A ruling from the federal court at this juncture would preempt the state court from performing its proper function.  *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").  Further, Wickman has not alleged or shown grounds sufficient to excuse the exhaustion requirement.  *See Hughes*, 2018 WL 6729654, at *1.  He therefore is not

entitled to habeas relief under § 2241 at this time, and his amended petition should be dismissed.

## III.  RECOMMENDATION

The Court should **DISMISS** Wickman's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on September 30, 2024 (Dkt. No. 6), without prejudice for failure to exhaust state remedies.

**SO RECOMMENDED** on November 4, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).